**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**JEFFREY HARP,**

                  Plaintiff,

      - against –

**CITY OF NEW YORK,**

                  Defendant.
────────────────────────────────────────

**01 Civ. 6604 (JGK)**

<u>**MEMORANDUM OPINION**</u>
<u>**AND ORDER**</u>

**JOHN G. KOELTL, District Judge:**

    Attorney John J. Grimes moves on behalf of his now-deceased client, Jeffrey Harp, for an extension of time to substitute the deceased plaintiff's widow as a party. For the reasons below, the motion to substitute is denied and the action is dismissed.

**I.**

    Plaintiff Jeffrey Harp, a former Detective with the New York City Police Department ("NYPD"), brought this action in 2001 alleging a violation of 42 U.S.C. § 1983 in connection with his termination from the NYPD. On October 23, 2007, the defendant served and filed a Notice of Suggestion of Death of the plaintiff, who had died on September 5, 2007. At the time of the plaintiff's death, a motion for summary judgment filed by the defendant and a cross-motion for summary judgment filed by the plaintiff had been made but were not fully briefed. On October 24, 2007, this Court issued an Order requesting the defendant to advise the Court regarding the survival of the

action in view of the death of the plaintiff.  On November 19, 2007, the defendant's former attorney, John Grimes, wrote a letter to the Court confirming that the plaintiff's widow had advised the firm that the action would continue with Mr. Harp's estate substituted as plaintiff.  (See Ex. 2 to Aff. of John Grimes dated March 5, 2008 ("Grimes Aff. 1").)  The letter informed the Court that "Ms. Harp will proceed in Surrogates Court in order to get appointed as Administratrix of the Estate. Once appointed, I believe the substitution may be made."  (Id.)[1]

The Court issued an order dated February 15, 2008, noting that no motion for substitution of a party had been made, and directing the plaintiff's former counsel to show cause why the action should not be dismissed.  In response to the Order to Show Cause, on March 6, 2008, the plaintiff's former counsel filed a motion to substitute the plaintiff's wife, Dorothy Latimore-Harp, pursuant to Rule 25 of the Federal Rules of Civil Procedure.  The attached Affirmation noted that the plaintiff's widow had yet to be appointed as Administratrix of the estate, and that there had been some delay with regard to the family

---

[1] There is some question as to whether a decedent's attorney may file a motion for substitution as a "representative" within the meaning of Rule 25.  Some authority holds that "since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule." 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1955 (2007).  However, other courts have held that a decedent's attorney has standing to move for an extension of time in order for an administrator to be appointed to the estate.  See Kernisant v. City of New York, 225 F.R.D. 422, 427-29 (E.D.N.Y.

proceeding before the Queens County Surrogate. (See Grimes Aff. 1 ¶¶ 6-7.) The affirmation also noted that the Harps were in the process of getting divorced but there had been no final judgment of divorce. (Id. ¶ 6.) The defendant opposed the motion, citing the fact that because the decedent's wife was not a legally designated representative of the estate she did not meet the requirements for substitution under Rule 25(a)(1). Further, the defendant argued that the plaintiff's counsel had not established excusable neglect to justify his failure to file a motion for substitution within the 90 day time period set forth in Rule 25(a)(1).

On April 9, 2008, Mr. Grimes subsequently submitted a motion for extension of time to substitute the plaintiff's widow as plaintiff. The accompanying affirmation explained that, "having limited knowledge and practice before the Surrogate Court," Mr. Grimes "was relying on counsel plaintiff's widow retained for a wrongful death action to proceed with the Administration proceedings." (See Affirmation of John J. Grimes dated April 8, 2008 ("Grimes Aff. 2") ¶ 15.) However, as the affirmation acknowledges, the proceedings were never commenced. The affirmation notes that Mr. Grimes will have to commence the proceedings in Surrogate's Court if the Court grants the request

2005); Jones Inlet Marina, Inc. v. Inglima, 204 F.R.D. 238, 239 (E.D.N.Y. 2001).

to enlarge time to substitute parties. (Id.) The defendant opposes the request.

## III.

### A.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that the court may order substitution of the proper party in the event of the death of a party. "A motion for substitution may be made by any party or by the decedent's successor or representative." See Fed. R. Civ. Pro. 25(a)(1). The rule provides that if the motion is not made within 90 days after the notice of suggestion of death is served, the action must be dismissed. Id. However, the Court has discretion to grant an enlargement of time to a party moving for substitution upon a showing that their failure to move for substitution within the 90 days was the result of excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B).

Whether failure to comply with the 90 day time limit should result in the dismissal of an action lies within the sound discretion of the trial court. See Fed. R. Civ. P. 25(a)(1) Advisory Committee's Note (1964); see also Staggers v. Otto Gerdua Co., 359 F.2d 292, 296 (2d Cir. 1966). "The determination of whether a party's conduct constitutes

'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances." In re Painewebber Ltd. Partnerships Litig., 147 F.3d 132, 135 (2d Cir. 1998) (internal citations omitted). Although the concept is "broad enough to encompass even those omissions caused by circumstances within the movant's control," a movant must prove "good faith and a reasonable basis for non-compliance." Id. Excusable neglect "may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995).

**B.**

The justifications offered by the plaintiff's former counsel do not amount to excusable neglect. Mr. Grimes concedes that Ms. Latimore-Harp, as of the date of filing the motion, had yet to be appointed Administratrix of the estate; in fact, Ms. Latimore-Harp had not even attempted to be appointed Administratrix of the estate. The only reason proffered by Mr. Grimes is that he was relying upon another counsel retained for a separate action. While difficulty in appointing an administrator for the estate of a deceased party could warrant an extension of time to file a motion for substitution when

there is a prompt application for such an appointment, <u>see</u>
<u>Kernisant v. City of New York</u>, 225 F.R.D. 422, 432 n.16
(E.D.N.Y. 2005), there has been no prompt application for an
appointment in the Surrogates Court. Indeed, so far as appears
from the papers, no effort has been made to have Ms. Latimore-
Harp appointed as Administratix despite the passage of nearly
eleven months since the plaintiff's death. Mr. Grimes's only
explanation for this is that he relied upon another counsel to
commence the proceedings, which he now realizes was in error.

Mr. Grimes has failed to show a reasonable basis for non-
compliance. It is not enough to show that the delay was "due to
simple inadvertence." <u>Zeidman v. Gen. Accident Ins. Co.</u>, 122
F.R.D. 160, 161 (S.D.N.Y. 1988) (internal citation omitted).
The moving party should show both good faith and a reasonable
basis for non-compliance. <u>Id</u>. at 162. A simple inquiry as to
the Surrogate's court proceedings would have informed Mr. Grimes
that they had not commenced, and he could have moved himself to
commence the proceedings or at the very least advised the Court
of the difficulty and requested an extension in a timely manner.
"[D]ifficulty in appointing an administrator has only been found
to warrant an extension of time under Rule 6(b) where there was
also a prompt application for such an appointment." <u>Id</u>.
(refusing to find excusable neglect where plaintiff's counsel
did not file with the surrogates court until ten days after the

defendant filed a motion to dismiss) (citing <u>Yonofsky v. Wernick</u>, 362 F. Supp. 1005, 1013 (S.D.N.Y. 1973)); <u>see also Steward v. City of New York</u>, No. 04 Civ. 1508, 2007 WL 2693667 at *5 n.5 (E.D.N.Y. 2007) (noting importance of prompt application for appointment even where complicated circumstances in appointing administrator exist).

The Court is mindful of the flexibility encouraged by the rule. However, this is a case of simple, and avoidable, neglect, without any showing of a reasonable basis for the failure to comply with Rule 25(a)(1), or any reasonable basis to grant an extension of time under Rule 6(b)(1)(B). This is therefore not a case in which the Court should exercise its discretion to extend the time to substitute a party for the plaintiff.

Because Ms. Latimore-Harp is not a proper party to be substituted for the plaintiff, the motion for substitution must also be denied.

## CONCLUSION

For the reasons stated above, the motion for extension of time (Docket No. 62) and motion for substitution (Docket No. 60) are **denied**.  The clerk is directed to enter judgment dismissing the action and closing the case.

**SO ORDERED.**

**Dated:  New York, New York**
       **July 30, 2008**

                                   John G. Koeltl
                     United States District Judge